IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROMANIA GADSON              )
                            )
      v.                    )     NO:   3:13-1050
                            )
SHERIFF JOHN FUSON, et al.  )


TO: Honorable Aleta A. Trauger, District Judge


# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered December 11, 2013 (Docket Entry No. 9), this action was referred to the Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local Rules of Court.

Presently pending before the Court is the Motion for Summary Judgment (Docket Entry No. 18) filed by Defendants Ryan Wright and Joseph Welch, to which the plaintiff has responded. See Docket Entry No. 31.[1] For the reasons set out below, the Court recommends that the motion be granted and this action be dismissed.

---

[1] By Order entered February 11, 2014 (Docket Entry No. 32), the Court noted that the plaintiff had filed a response to the Defendants' Statement of Undisputed Facts but had not filed anything else responsive to the motion and the Court extended to April 11, 2014, the deadline for the plaintiff to file her response to the motion for summary judgment. To date, the plaintiff has not filed a supplement to her initial response.

I. BACKGROUND

The plaintiff is a former inmate of the Montgomery County, Tennessee Jail ("Jail").[2] On August 25, 2013, she was disciplined by Jail officials after she and several other inmates were observed in the shower area of the Jail in violation of the Jail's rules. She alleges that, although all of the inmates were punished with 72 hours in "lockdown," she was punished more harshly than the other inmates because she was initially given 120 hours in "lockdown." The 120 hours was reduced to 72 hours by Cpl. Joseph Welch, the supervising officer, on the day in question. After serving the 72 hours of disciplinary lockdown, the plaintiff remained in the more restrictive L-pod where she was unable to have a prison job and was only allowed out of her cell two hours a day.[3] She attributes the difference in her treatment to discrimination against her because she is gay and also points to another subsequent incident at the Jail when two inmates violated the Jail's rules but were not disciplined as harshly as she was disciplined.

After pursuing a grievance at the Jail, the plaintiff filed the instant lawsuit on September 26, 2013, seeking damages and injunctive relief under 42 U.S.C. § 1983 based on allegations that her civil rights were violated by the above described events. She named Montgomery County Sheriff John Fuson and Jail officers Ryan Wright and Joseph Welch as defendants to the action. In the Order of referral and accompanying Memorandum, the Court dismissed all claims against Defendant Fuson and found that the plaintiff had not stated a claim based merely upon the assertion that she lost

---

[2] The plaintiff filed a change of address notice on February 18, 2014, indicating that she was no longer incarcerated. See Docket Entry No. 34.

[3] The Defendants explain that the plaintiff remained in L-pod because there was not an open bed for her to return to M-pod, where she had been previously housed, until September 25, 2013. See Affidavit of Joseph Welch (Docket Entry No. 21), at ¶ 8.

privileges at the Jail but that she had stated a colorable Fourteenth Amendment equal protection claim against Defendants Wright and Welch. See Docket Entry Nos. 8 and 9.

In lieu of an answer, the Defendants filed the pending motion for summary judgment arguing that there are no genuine issues of material fact in dispute and that they are entitled to a judgment as a matter of law. They assert that the disciplinary measures taken against the plaintiff were the result of the incident in question and her prior disciplinary history. The Defendants contend that there is no evidence to support the plaintiff's claim that the Defendants intentionally treated her differently from other similarly situated inmates or that there was not a rational basis for their decisions. The Defendants further assert that they are entitled to qualified immunity from any claim for damages. In support of their motion, the Defendants submit their Statement of Undisputed Material Facts (Docket Entry No. 19) and rely upon their own affidavits (Docket Entry Nos. 21 and 22) and a certified copy of the plaintiff's Jail records (Docket Entry Nos. 23 and 23-1).

In response, the plaintiff submits her response to the Defendants' Statement of Undisputed Facts in which she disputes several of the factual statements made by the Defendant, and she also submits copies of two grievance forms about the events. See Docket Entry No. 31.

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable

jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a

well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

### III. CONCLUSIONS

After review of the parties' filings and the record in this action, the Court finds that no reasonable jury could find in favor of the plaintiff on her claim that her Fourteenth Amendment rights were violated by the Defendants. Accordingly, summary judgment should be granted to the Defendants.

The plaintiff's complaint about the differing punishments meted out by the Jail officials in response to a violation of the Jail's rules simply fails to rise to the level of constitutional concern. The specific manner of an inmate's confinement while in prison and the response of prison officials to issues involving internal prison discipline and inmate control are generally matters left to the sound discretion of prison officials. See Sandin v. Conner, 515 U.S. 472, 477-78, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); Thornburgh v. Abbott, 490 U.S. 401, 404-08, 109 S.Ct. 1874, 104 L.Ed.2d 459 (1989); O'Lone v. Estate of Shabazz, 482 U.S. 342, 349, 107 S.Ct. 2400, 96 L.Ed.2d 282 (1987); Turner v. Safley, 482 U.S. 78, 89, 107 S.Ct. 2254, 96 L.Ed.2d 64 (1987); Bell v. Wolfish, 441 U.S. 520, 546-47, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Meachum v. Fano, 427 U.S. 215, 225, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976); Ward v. Dyke, 58 F.3d 271, 274 (6th Cir. 1995). Although the Equal Protection Clause of the Fourteenth Amendment provides a certain measure of limitation

on this discretion by prohibiting conduct that discriminates on the basis of membership in a suspect class, see Washington v. Davis, 426 U.S. 229, 239, 97 S.Ct. 441, 50 L.Ed.2d 427 (1976), there is no evidence in this action supporting a claim of discrimination based upon a suspect class, and the plaintiff's allegation that she is gay does not implicate a suspect classification. See Davis v. Prison Health Servs., 679 F.3d 433, 438 (6th Cir. 2012); Scarbrough v. Morgan Cnty. Bd. of Educ., 470 F.3d 250, 261 (6th Cir. 2006).

In the absence of evidence of discrimination based upon a suspect classification, the challenged disparate treatment need only be supported by a rational basis. Scarbrough, 470 F.3d at 261; Rawls v. Sundquist, 929 F. Supp. 284, 291 (M.D. Tenn. 1996).[4] The Defendants have provided a rational explanation for their decision. See Affidavit of Welch (Docket Entry No. 21) and Affidavit of Wright (Docket Entry No. 22). The plaintiff has not rebutted this explanation with any evidence, and her subjective objection to the actions of the Defendants is simply insufficient support for an Equal Protection claim. See Habin-Bey v. Rutter, 420 F.3d 571, 575-77 (6th Cir. 2005); Armour v. Gundy, 107 F.3d 870 (6th Cir. 1997); Newell v. Brown, 981 F.2d 880, 887 (6th Cir. 1992); Wilson v. Seiter, 893 F.2d 1336 (6th Cir. 1990); Hardy v. Montgomery Cnty. Jail, 2009 WL 1674824, **5-6 (M.D. Tenn. June 15, 2009). At best, the plaintiff has only alleged an isolated and minor incident of differing treatment among prison inmates, which is insufficient to support a claim of unlawful discrimination. See Tate v. Davis, 2013 WL 53761, **2-3 (W.D. Mich. Jan. 3, 2013) (prisoner's conclusory allegations that discriminatory animus was behind his loss of a prison job did not support an equal protection claim); Barnes v. Outlaw, 2006 WL 840418, *6 (W.D.Tenn. Mar. 30,

---

[4] There are no allegations made by the plaintiff which support an Equal Protection claim based upon disparate treatment related to a fundamental right.

2006) ("The mere fact that on some occasions a heterosexual or non-black inmate received favorable treatment does not elevate plaintiff's claim into a matter of constitutional concern."); Fletcher v. Chartrand, 1989 WL 14015, *1 (6th Cir. Feb. 22, 1989) (allegations that prison guard selectively enforced disciplinary regulation on racial grounds was insufficient to state a claim for relief).

Although the plaintiff's allegations were sufficient to permit the case to survive frivolity review under 28 U.S.C. § 1915(d), when a motion for summary judgment is made and properly supported under Rule 56 of the Federal Rules of Civil Procedure, such as the motion filed by the Defendants, the non-moving party must respond with affirmative evidence supporting her claim and establishing the existence of a genuine issue of material fact. See Celotex Corp., 477 U.S. at 323-24; Chao v. Hall Holding Co., Inc., 285 F.3d 415, 424 (6th Cir. 2002); Cloverdale Equip. Co. v. Simon Aerials, Inc., 869 F.2d 934, 937 (6th Cir. 1989); Gregg v. Allen-Bradley Co., 801 F.2d 859, 861 (6th Cir. 1986).

The only actual evidence before the Court is that which has been presented by the Defendants. The plaintiff has not set forth any evidence supporting her claim or rebutting the evidence presented by the Defendants. Given the dearth of evidence supporting the plaintiff's claim, any factual questions fail to rise to the level of genuine issues of material fact that require that this action proceed to trial. In light of this evidence that is before the Court and the applicable law, no reasonable jury could find that the plaintiff suffered a constitutional violation at the hands of Defendants Wright and Welch. Because the Court finds that there is insufficient evidence to support a constitutional claim, it is unnecessary to address the Defendants' alternative argument of qualified immunity.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion for Summary Judgment (Docket Entry No. 18) be GRANTED and this action be DISMISSED WITH PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

*Juliet Griffin*
JULIET GRIFFIN
United States Magistrate Judge